JMK:WK/ELM
F. #2017R00321

```
F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  DEC 20 2017  ★
LONG ISLAND OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

    - against -

GREGORY FELBER,

    Defendant.

------------------------------X

I N F O R M A T I O N

Cr. No. 17-0684 (SJF)
(T. 18, U.S.C., §§ 1349 and 3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this information, unless otherwise indicated:

I.    <u>The Defendant and Relevant Entities</u>

    1.    The defendant GREGORY FELBER was a resident of Suffolk County, New York, and worked as a real estate attorney with a practice in Nassau County, New York. As a part of his practice, FELBER served as the primary closing attorney and settlement agent in real estate transactions involving mortgages issued by Vanguard Funding LLC.

    2.    Vanguard Funding, LLC ("Vanguard") was a New York State limited liability company and a mortgage lender headquartered in Garden City, New York. Vanguard provided residential mortgages to its clients. Vanguard funded mortgages it issued with money it borrowed from Santander Bank ("Santander"), BankUnited and Northpointe Bank ("Northpointe") (collectively, "the Banks").

2

II. <u>The Fraudulent Scheme</u>

3. In or about and between August 2015 and February 2017, Vanguard applied for, and obtained, loans from the Banks based on Vanguard's representation that the loan money would be used to fund specific home mortgages.

4. Ordinarily, the Banks wired the money for each loan from bank accounts located in, among other places, Miami-Dade County, Florida, and Essex County, New Jersey, to an attorney trust account (the "Attorney Trust Account") controlled by the defendant GREGORY FELBER, in Nassau County, New York.

5. The defendant GREGORY FELBER thereafter was responsible for: (a) disbursing the loan money on behalf of Vanguard's client to pay for the property purchased with that client's mortgage and any associated costs and fees; and (b) processing the legal documents transferring ownership interest in the property.

6. On multiple occasions, however, the defendant GREGORY FELBER did not disburse the money in connection with a real estate transaction as described above. Instead, at the request of co-conspirators who worked at Vanguard, FELBER fraudulently diverted the loan money from the Attorney Trust Account to a Vanguard bank account.

7. The money that the defendant GREGORY FELBER diverted to Vanguard was not used to fund mortgages for Vanguard's clients, as represented to the Banks. Instead, they were used, among other things: (a) to pay Vanguard executives' personal expenses and compensation; and (b) to pay off loans Vanguard had previously obtained purportedly to fund mortgages but had, instead, used for improper purposes.

## CONSPIRACY TO COMMIT WIRE FRAUD

8.  The allegations contained in paragraphs one through seven are realleged and incorporated as though fully set forth in this paragraph.

9.  In or about and between August 2015 and February 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GREGORY FELBER, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Banks, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

*[signature]*
BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK